UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21462-Civ-COOKE/TORRES

GILBERTO IVAN RAMIREZ,

    Plaintiff,

vs.

ANOUCHKA CASTRO, Field Office
Director, Miami Field Office, U.S. Citizenship
and Immigration Services ("USCIS"); ERIC
HOLDER, Attorney General, U.S. Department
of Justice; JEH JOHNSON, Secretary, U.S.
Department of Homeland Security,

    Defendants.

_____/

**ORDER GRANTING MOTION TO DISMISS**

    THIS MATTER is before me on Defendants' Motion to Dismiss the Petition for Review of Naturalization Application For Failure to State a Claim ("Motion"). (ECF No. 14). I have reviewed the Motion, related filings, and the pertinent authority. For the reasons stated below, Defendants' Motion is granted.

**I.    BACKGROUND**

    Plaintiff Gilberto Ivan Ramirez ("Ramirez") petitions this Court for *de novo* review of the U.S. Citizenship and Immigration Services' denial of his naturalization application. *See* 8 U.S.C. § 1421(c). At issue is when a conviction arises for an aggravated felony under the definitions of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1101(f)(8) (as amended by the Immigration Act of 1990, Pub. L. 101–649, Title V, 104 Stat. 4978, 5051 (Nov. 29, 1990)). On November 29, 1990, Congress amended the INA to statutorily preclude aliens from fulfilling the "good moral character" naturalization requirement if they were convicted of an aggravated felony after the date of the bill's passage, including aliens who had been charged of an aggravated felony but not yet convicted. 8 U.S.C. § 1101(f)(8); 8 C.F.R. § 316.10(b)(1)(ii). The parties dispute whether Ramirez's conviction for an aggravated felony occurred before or after November 29, 1990.

On June 16, 1989, Ramirez was arrested and later charged in this district with two felony counts related to cocaine distribution. Pl.'s Ex. at 1 – 2, ECF No. 1-3. Ramirez was denied bail on June 22, 1989 based on flight risk concerns and remained in federal custody throughout his criminal proceedings. Pet. ¶¶ 9 – 11, ECF No. 1. A detention order was formally entered into the record on June 26, 1989. *Id.* ¶ 10. A grand jury indicted Ramirez on both felony charges on June 28, 1989. Pl.'s Ex. at 1 – 2. On July 23, 1990, Ramirez entered into a plea agreement where he pled guilty to one of the felony charges—possession of and intent to distribute at least five kilograms of cocaine—and the other felony charge was dismissed. Pl.'s Ex. at 6 – 8. Both parties agree that Ramirez pled guilty to an aggravated felony under 21 U.S.C. § 841(a)(1). Ramirez's original sentencing hearing of November 1990 was rescheduled for January 1991 at the request of Ramirez's counsel. Pet. ¶ 13. The district court ultimately accepted Ramirez's guilty plea in January 1991 and sentenced Ramirez to one hundred months imprisonment and five years of supervised release. Pet. ¶ 16. The Court's sentencing judgment was formally entered into the record on January 28, 1991. Pl.'s Ex. at 4.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).

At this stage in the litigation, a court must consider the factual allegations in the Complaint as true and accept all reasonable inferences therein. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Still, the Court may grant a motion to dismiss

when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III.   DISCUSSION

The parties disagree about when Ramirez's conviction arose under the INA. The INA defines "conviction" for aliens as follows:

> [A] formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where— (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(a).

Defendants chiefly argue that Ramirez's sentencing in January 1991 is the date of the "formal judgment of guilt" and that the additional prongs of the definition do not apply since an "adjudication of guilt" was not "withheld" here. To buttress their point, Defendants rely on the Eleventh Circuit Court of Appeals' decision in *Mejia Rodriguez v. U.S. Department of Homeland Security*, 629 F.3d 1223 (11th Cir. 2011). There, the appeals court held that a guilty plea coupled with a later sentence of time served was a "conviction" under the INA's "formal judgment of guilt" provision. *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 629 F.3d 1223, 1228 (11th Cir. 2011). The appeals court noted that the remaining portion of the INA's definition and its two-part test did not apply since the lower state court "did not expressly withhold adjudication" in the underlying criminal case. *Id.* at 1226.

For his part, Ramirez contends that the definition's two-part test regarding guilty pleas and "some form of punishment" should apply regardless of whether he received a "formal judgment of guilt" or an "adjudication of guilt [that] has been withheld." Assuming the two-part test applies, Ramirez believes that his detention order from June 1989 constitutes "some form of punishment," and that his subsequent guilty plea from July 1990 is the operative time in which a "conviction" arose under the INA. Ramirez cites to the Eleventh Circuit Court of Appeals' decision in *Cole v. U.S. Attorney General*, 712 F.3d 517 (11th Cir. 2013), which uses the INA definition's two-part test even though the underlying

3

case involved a guilty plea and formal sentencing. *See Cole v. U.S. Atty. Gen.*, 712 F.3d 517, 525 (11th Cir. 2013).

Regardless of how Ramirez's conviction is analyzed—be it as a "formal judgment of guilt" like in *Meija Rodriguez* or under a two-part test that identifies a guilty plea and "some form of punishment" like in *Cole*—I find that he was convicted after his formal sentencing in January 1991. It is well-established, and the parties do not dispute, that a guilty plea alone does not effectuate a judgment or a form of punishment under the INA. *See Puello v. Bureau of Citizenship & Immigration Servs.*, 511 F.3d 324, 327 – 31 (2d Cir. 2007) (discussing the word "conviction" in the INA). Ramirez's subsequent sentencing and entry of it on the criminal case docket serves as both the "formal judgment of guilt" and "some form of punishment" under the INA. I need not decide which analytical approach is correct since the outcome is the same here.

I do not find persuasive Ramirez's argument that the district court judge's detention order constituted "some form of punishment" prior to his guilty plea. Even though the INA's two-part "conviction" test does not stipulate a temporal requirement between an alien's guilty plea and his punishment, common sense dictates that the punishment should at minimum *relate* to a judge's finding of guilt or an alien's guilty plea. Here, the pretrial detention order was based on Ramirez being a flight risk. It was unrelated to any finding of guilt and predated Ramirez's guilty plea. Whatever analytical differences arise in the *Meija Rodriguez* and *Cole* cases, both cases held that a conviction arose after an alien's guilty plea and a sentencing judgment was entered. *See Cole*, 712 F.3d at 524 – 26; *Meija Rodriguez*, 629 F.3d at 1227 – 28. I have found no case law that suggests a pretrial detention order effectuates a "conviction" under the INA once a guilty plea or a finding of guilt is made.

## IV.   CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss the Petition for Review of Naturalization Application For Failure to State a Claim (ECF No. 14) is **GRANTED**. This case is **DISMISSED** *without prejudice*. All pending motions, if any, are **DENIED** *as moot*. The Clerk of the Court shall **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 13th day of January 2016.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*